Nicole Owens
Federal Public Defender
Neil Price
Assistant Federal Defender
Federal Defender Services of Idaho
757 N. 7th St.
Pocatello, Idaho 83201
(208) 478-2046

Attorneys for Andrea May Major

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| United States of America<br><br>    Plaintiff<br><br>v.<br><br>Andrea May Major<br><br>    Defendant | No. 4:24-cr-00200-BLW<br><br>**Reply to Government's Response to Defendant's Motion to Dismiss the Indictment** |

- 1 -

**Introduction**

A Lacey Act violation has two steps: knowledge of the initial illegal taking *followed by* conduct involving the animal's sale. *United States v. Carpenter*, 933 F.2d 748, 750 (9th Cir. 1991). The government argues that its Indictment states Lacey Act claims because it alleges that Major engaged in illegal conduct that resulted in the illegal killing of mountain lions that were then "transported from the field" by another party. *Govt. Response* at 5. Not so. The Indictment does not allege that Major "did something to wildlife that has *already been* 'taken or possessed' in violation of the law." *Id.* (emphasis added). Transportation alone is not sufficient. Therefore, even if the Court agrees that the government properly pled the first step[1] (the illegal taking of wildlife) of a Lacey Act violation, the Indictment should be dismissed because it fails to include any allegations that satisfy its second step.

**Argument**

To properly state violations of the Lacey Act, the Indictment must allege a two-step violation: knowledge of the initial illegal taking *followed by* the defendant's conduct involving the animal's sale. *Id.* The government does not challenge that black letter law. Instead, the government asserts that

---

[1] In her motion, Ms. Major also argued that counts 12 and 13 of the Indictment should be dismissed because, based on the plain language of I.C. § 36-2104, the government failed to plead the first step of a Lacey Act violation, an illegal taking of wildlife. *See Motion to Dismiss the Indictment* at 5-7.

"transportation of the game after the kill" satisfies the second step. *Government Response* at 6. Throughout its brief, over and over, the government says that Major and her co-defendants did something illegal, then killed a mountain lion, and then transported the mountain lion from the field:

- "As alleged in the indictment, mountain lion hunts were: **first**, illegally outfitted, **second**, illegally guided, **third**, illegally killed—because the hunt was illegally outfitted and guided—, and **fourth**, illegally transported." *Government Response* at 4.

- "There are several distinct and temporally separated acts: 1) illegally contracting and selling a commercially outfitted hunt without an outfitting license; 2) illegally guiding a hunt without an outfitting license or outside the employment and authorization of a licensed outfitter; 3) illegally guiding on National Forest land without a special use permit; 4) killing—"taking"—a mountain lion; and 5) transporting the mountain lion from the field—and in some counts—across state lines." *Government Response* at 5.

- "Both of those events [the contract and sale of the hunt and the act of guiding] precipitated the killing of each mountain lion and rendered the killings illegal. After the illegal killing, each mountain lion was transported from the field." *Government Response* at 5.

- "Lacking the necessary permits these hunts were: 1) illegally sold to clients outside federal permitting requirements (Title 36 CFR provisions); 2) illegally guided on National Forest land outside the federal permitting requirements; 3) mountain lions were taken by clients on the illegally guided hunts in violation of federal regulation; and 4) the illegally taken mountain lions were transported off National Forest land." *Government Response* at 6

The government sings the same song: illegal conduct, taking, transport.[2] It never, not once, suggests any other conduct that followed the taking and could therefore satisfy step two.

The government's argument fails. In *United States v. Fejes*, the Ninth Circuit held that "transportation of wildlife could never be the sole overlying conduct," meaning an allegation that satisfies the second step, "for a felony under this provision." 232 F.3d 696, 702 n. 6 (9th Cir. 2000).

On this point, *United States v. Kraft* is instructive. No. 03-cr-315, 2005 WL 578313 (D. Minn. March 11, 2005). In that case, the district court explicitly rejected the government's argument that "the second step [of a Lacey Act violation] must be construed in a fashion broad enough to encompass transportation." *Id.* at *2 (citing *Fejes*, 232 F.3d at 702 n.6). Instead, it held that "under the plain text of the statute, only conduct involving 'the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase,'" satisfies the second step.[3] *Id.* at *1 (quoting 16 U.S.C. § 3373(d)(1)(B)). The

---

[2] Near the end of its brief, the government points to the aiding and abetting charge implicit in the Indictment. *See Government Response* at 7-8. But to state a claim for aiding and abetting a Lacey Act violation, the government must still allege a Lacey Act violation, which necessarily includes the second step. Because it has not done so, this theory does not save the Indictment from dismissal.

[3] The *Kraft* court called the first step the underlying violation and the second step the overlying violation.

*Kraft* court found that the Indictment alleged illegal wildlife sales at the first step followed by mere transportation at the second step. Because those allegations did not satisfy step one and step two in their requisite sequential order, the court dismissed the indictment.

The same result follows here. Transportation does not satisfy the second step. Accepting every word of the Indictment as true, Major did not violate the Lacey Act, either directly or by aiding and abetting. Therefore, the Indictment must be dismissed.

The government's reference to *United States v. Jablonsky*, 776 F.App'x 952 (9th Cir. 2019) does not alter that analysis. *Jablonsky* is a single-page memorandum disposition specifically constructed *not* to create precedent. *See id.* at 952 ("This disposition . . . is not precedent."). Jablonsky does not detail the facts of the case, does not reckon with the elements of a Lacey Act violation and does not even cite *Carpenter*. It does not offer this Court any useful guidance about analyzing Lacey Act violations. Simply put, even if *Jablonsky* tells the Court *what* to do here, it does not give the more important *why*. That distinction matters because, as the Ninth Circuit recently reminded us, outcomes in memorandum dispositions are subject to change. *See, e.g.*, *United States v. Pineda*, No. 23-3692, 2025 WL 655071, at *2 (9th Cir. Feb. 28, 2025) (Reversing the outcome of a previous unpublished decision because the prior memorandum disposition (1) was "not binding on subsequent panels" and (2)

was "not persuasive authority" because even though it decided the legal issue, it did not reach the argument presented in *Pineda*).

Finally, the government blithely argues that "an indictment is not required to list every conceivable 'allegation' revealed by an investigation." *Govt. Response* at 7, n.3. Nevertheless, an accused does maintain a fundamental constitutional right to be apprised of "the nature and cause of the charges . . . so as to permit adequate preparation of a defense." *Gautt v. Lewis*, 489 F.3d 993, 1002 (9th Cir. 2007); *see also U.S. Const. amend. VI*. By failing to allege actual felony violations under the Lacey Act, the Indictment fails to satisfy this most basic of constitutional standards.

## Conclusion

Therefore, Ms. Major again respectfully requests that this Court grant her motion to dismiss Counts One, Six, Seven, Nine, Ten, Twelve, and Thirteen of the Indictment with prejudice.

Dated: March 14, 2025,   Nicole Owens
                         Federal Public Defender
                         By: Neil Price


                         /s/ D. Neil Price

                         Federal Defender Services of Idaho
                         Attorneys for Andrea May Major